UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| v. } | Case No. 5:26-cr-16-HDM-HNJ |
| } | |
| JONATHAN MATTHEW CAGLE } | |

## PROTECTIVE ORDER

Upon the Government's motion for a protective order pursuant to Rule 16(d)(1) of the *Federal Rules of Criminal Procedure* (Doc. 15), the Court finds that good cause has been established to enter a Protective Order concerning the use, dissemination and disposition of certain information that may be disclosed during discovery proceedings in this case. The Court grants the motion and hereby ORDERS the following

1. In accordance with the Court's previously entered Standing Discovery Order, the United States may disclose to the defendant's counsel confidential and sensitive information in this case (hereinafter, "Protected Discovery Material"). Protected Discovery Material includes evidence containing personal identifying information including, but not limited to: names; residential addresses and telephone numbers; dates of birth; drivers' license numbers; social security numbers; and financial information.

2. The defendant's counsel shall:

a. use the Protected Discovery Material only as necessary to represent the defendant in this case;

b. acknowledge that the defendant understands the sensitive nature of this discovery, that it should not and will not be shared with anyone beyond defense counsel and professional members of the defense team (including attorneys, paralegals, legal assistants, investigators, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

c. not leave the Protected Discovery Material in the control or custody of the defendant or any person who is not a professional member of the defense team;

d. limit the defendant's access to electronically stored discovery so that the defendant cannot print, download, or otherwise retain any Protected Discovery Material; and

e. collect and return to the United States all paper and electronic copies of any Protected Discovery Material or, alternatively, destroy those items and confirm their destruction to the United States. Nothing in this requirement is intended to interfere with defense counsel's

obligations under the *Alabama Rules of Professional Conduct* to retain client files for a reasonable time period.

3. Protected Discovery Material may be subject to redaction before documents can be used in open court or a public filing. This Order does not affect the redaction requirements for materials filed with the Court in compliance with Rule 49.1 of the *Federal Rules of Criminal Procedure*. Such redaction is still required.

4. The procedures for use of the Protected Discovery Material during any hearing or trial shall be determined by the Court in advance of the hearing or trial. No party shall file (except under seal) or disclose in open court documents containing personally identifying information without prior consultation with the Court.

5. Prior to any persons receiving disclosure of Protected Discovery Material pursuant to the terms of this Order, said persons shall be provided a copy of this Protective Order. Any such persons shall be deemed to consent to the terms of this Order and to submit themselves to the jurisdiction of the Court for purposes of enforcement of this Order. Furthermore, this Protective Order will remain in full force and effect following the end or termination of this case for purposes of enforcement of the Order.

6. Violation of the terms and provisions of this Protective Order may be sanctioned in any way authorized by law, including, but not limited to, a contempt of

court. Nothing in this Protective Order shall be deemed to limit or preclude criminal prosecution for conduct that may also be in violation of the Order.

7. Nothing in this Protective Order shall be construed to limit the defendant's use of their own personal identifying information.

**DONE** and **ORDERED** this 23rd day of January, 2026.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE