## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **)** |
| | **)** |
| **V.** | **) CASE NO. 5:26-cr-00016-HDM-HNJ-1** |
| | **)** |
| **JONATHAN MATTHEW CAGLE,** | **)** |
| | **)** |
| **Defendant.** | **)** |
| | **)** |

## DEFENDANT'S MOTION FOR DETENTION HEARING

COMES NOW, Jonathan Matthew Cagle, by and through undersigned counsel, and respectfully moves this Honorable Court to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f). In support of this motion, Mr. Cagle states as follows:

1. Mr. Cagle is charged in Count One of the Indictment with Cyberstalking, in violation of 18 U.S.C. § 2261(A)(2)(B).

2. On January 26, 2026, the Court conducted a detention hearing pursuant to 18 U.S.C. § 3142 and ordered Mr. Cagle detained pending trial.

3. Since the January 26, 2026 detention hearing, new and material information has become available that was not known to Mr. Cagle at the time of the original hearing. Specifically, Ms. Linda Wolf has now offered to serve as a third-party custodian for Mr. Cagle.

4. Pursuant to 18 U.S.C. § 3142(f), "[t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the

issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

5. Under the Bail Reform Act, the Court is required to impose "the least restrictive further condition, or combination of conditions," sufficient to reasonably ensure appearance and safety. 18 U.S.C. § 3142(c)(1)(B).

6. The statute specifically authorizes release subject to the condition that a defendant:

> Remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community.

18 U.S.C. § 3142(c)(1)(B)(i).

7. The newly available third-party custodian constitutes material information directly relevant to whether a combination of release conditions can reasonably assure both Mr. Cagle's appearance and community safety.

8. Ms. Linda Wolf is prepared to assume responsibility as a third-party custodian and to comply with any conditions imposed by the Court, including supervising Mr. Cagle, ensuring compliance with release conditions, and reporting any violations to the Court.

9. Because new information has arisen that was unavailable at the time of the original hearing and because that information materially bears on whether conditions of release may reasonably assure appearance and

safety, reopening the detention hearing is appropriate under 18 U.S.C. § 3142(f).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Mr. Cagle respectfully requests that this Honorable Court reopen the detention hearing pursuant to 18 U.S.C. § 3142(f), in light of newly available information materially bearing on the issue of release conditions.

RESPECTFULLY SUBMITTED,

*l/s Michael W. Whisonant, Jr.*
MICHAEL W. WHISONANT, JR.

OF COUNSEL:
Jaffe, Hanle, Whisonant & Knight, P.C.
2320 Arlington Ave. S.
Birmingham, AL 35205
Phone: 205-930-9800
Fax: 205-476-3251

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 11th day of May 2026 served a copy of the foregoing by electronically filing to all parties involved.

*l/s Michael W. Whisonant, Jr.*
MICHAEL W. WHISONANT, JR